George Proskauer and Susan Proskauer v. Commissioner.
Proskauer v. Commissioner
Docket No. 4961-70.
United States Tax Court
T.C. Memo 1971-174; 1971 Tax Ct. Memo LEXIS 160; 30 T.C.M. (CCH) 747; T.C.M. (RIA) 71174; July 22, 1971, Filed *160 Samuel Goldman, 2323 First National Tower,akron, Ohio, for the petitioners. Larry L. Nameroff, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $2,047.01 in petitioners' income tax for the calendar year 1967. The sole issue is whether petitioners received a dividend from their wholly owned corporation equal to the fair market value of a bronze sculpture. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, were legal residents of Akron, Ohio, at the time the petition herein was filed. They filed a joint Federal income tax return for the taxable year 1967 with the district director of internal revenue, Cleveland, Ohio. During the entire calendar year 1967, petitioners were the sole stockholders of The Doctors' Laboratory, Inc. (hereinafter referred to as "the corporation"). On April 5, 1967, a sculpture known as "Singende" was selected by Mrs. Proskauer and purchased with the corporation's funds from the Parke-Bernet Galleries, Inc., New York City, for the sum of $7,000. The sales invoice was issued in the name of the corporation. *161 The sculpture was delivered directly to petitioners' home, where it was placed on display in their living room and where it has remained ever since. At no time has the corporation made any charge to petitioners with respect to the sculpture. The corporation has never acquired any other art objects. At least until sometime in 1971, the corporation did not specifically cover the sculpture with insurance, although at all times pertinent the corporation carried insurance against loss of its personal property generally. Over the years, petitioners have built up a substantial collection of art objects, most of which are displayed in their home. These objects have been specifically listed by petitioners on a schedule which was a part of their homeowners' insurance policy. The 748 sculpture was not so listed, at least prior to July 23, 1968. [1]
From July 1, 1966 to June 30, 1970, the corporation had a substantial and growing earned surplus. In that period cash dividend distributions to petitioners totalled only $220. The balance sheets in *162 the Federal income tax returns of the corporation for its fiscal years ended June 30, 1967, 1968, 1969, and 1970 included an emount of $7,000 for each such year, representing the cost of "Singende," together with substantial amounts representing the cost of marketable securities. The corporation's tax return for its fiscal year ending June 30, 1967 specifically reflected "Singende" as an investment at the end of that year, and an unaudited statement of "Investments at Cost" as at June 30, 1968 also specifically listed the sculpture. In both instances, substantial amounts represented by marketable securities were also listed. At all times pertinent, the earnings and profits of the corporation exceeded $7,000. Opinion Petitioners contend that they were merely acting as gratuitous bailees of the sculpture. They can succeed in this contention only if we find that the corporation made a bona fide acquisition of the sculpture in April 1967 and, if it did, that it remained the bona fide owner thereof through the taxable year. The issue is purely factual and petitioners have the burden of proof. Welch v. Hclvering, 290 U.S. 111 (1933); Rule 32 Tax Court Rules of Practice.
*163 The only elements supporting petitioners' contention are that the bill of sale was issued in the corporation's name, that corporate funds were used to acquire the sculpture, and that the corporate records reflected the sculpture as an investment. But these technical indicia of ownership are not controlling. Doyle v. Mitchell Brothers Co., 247 U.S. 179 (1918); Regensburg v. Commissioner, 144 F. 2d 41 (C.A. 2, 1944), affirming a Memorandum Opinion of this Court. Against such elements stand the facts that the corporation at no time ever exercised any dominion over the sculpture, did not charge petitioners for the use thereof, specifically covered it by insurance only after this case arose, and never made any other investment in art objects, although it had substantial other passive investments, i. e., marketable securities. The sculpture at all times was on display in petitioners' home. We are not convinced that the corporation in fact became the owner of the sculpture at the time of the purchase. Even if it did, petitioners have failed to satisfy us that such ownership was other than transitory and that the corporation and petitioners at all times did not *164 intend all benefits attributable to the sculpture, including enjoyment of the proceeds of any disposition, to inure to petitioners. Cf. American Properties, Inc., 28 T.C. 1100 (1957), affirmed per curiam, 262 F. 2d 150 (C.A. 9, 1958).[2]
In light of the foregoing and the entire record herein, including our evaluation of the witnesses, and recognizing that careful scrutiny is the order of the day where expenditures of a wholly owned family corporation are involved ( William C. Baird, 25 T.C. 387 (1955), *165 we hold that petitioners have failed to sustain their burden of proof. Consequently, they are deemed to have received a dividend distribution in the amount of $7,000 for the taxable year 1967. Decision will be entered for the respondent. 749 Footnotes
1. There is some indication in the testimony of petitioner George Proskauer that the sculpture was specifically scheduled after that date.↩
2. In Louis Greenspon, 23 T.C. 138 (1954), affirmed and reversed on other issues. 229 F. 2d 947 (C.A. 8, 1956), we found that "[the] corporation acquired title to the foregoing machinery and equipment at the time it was purchased and retained title to it during all the period in issue" and we further specifically noted that title to the property in question was not disputed. See 23 T.C. at 143, 152. Consequently, that case is clearly distinguishable. Compare Stanley Greenthal, T.C. Memo. 1962-126; Frederick Von Hessert, T.C. Memo. 1961-226; Joseph Morgenstern, T.C. Memo. 1955-86↩.